IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>**JAYSON CORDERO-CRUZ,**<br><br>Defendant. | CRIMINAL NO. 14-CR-753-PAD-MEL |

**UNITED STATES OF AMERICA'S
MOTION TO VACATE PRELIMINARY HEARING**

TO THE HONORABLE COURT:

COMES NOW the United States of America by and through the undersigned attorneys and before this Honorable Court very respectfully states and prays as follows:

1. On March 13, 2025, the USPO for the District of Puerto Rico filed a Supplemental Informative Motion Notifying Violations of Supervised Release Term involving defendant Jayson Cordero-Cruz ("defendant"). (ECF No. 507, ECF No. 470). Defendant is currently in custody pending the Preliminary Revocation Hearing. (ECF No. 502). The supplemental motion alleged, in part, that defendant was indicted in case number 24-248 (GMM) under multiple counts involving drug trafficking offenses and the possession of ammunition by a prohibited person. On March 10, 2025, the Court held defendant's Initial Appearance Hearing in the revocation proceedings, wherein defendant was ordered temporarily detained pending further proceedings. The Court also set the Preliminary Revocation Hearing for March 20, 2025. (ECF No. 502).

2. On July 24, 2024, a Grand Jury returned an eleven-count indictment charging defendant with the offenses described above. (ECF No. 3 Case Number 24-248). Defendant is also currently detained pending further proceedings in Case Number 24-cr-248.

3. A probationer under SRT supervision does not have a right to a preliminary revocation hearing when he is in custody awaiting prosecution on other charges. United States v. Pardue, 363 F.3d 695, 697-98(8th Cir.2004)(stating Rule 32.1 of the Federal Rules of Criminal Procedure applies "only to those individuals in custody solely for the violation of probation or supervised release") and finding the district court did not erroneously deny the defendant a preliminary hearing where he was being held on charges of committing state law crimes in addition to his supervised release violation); United States v. Tucker, 524 F.2d 77, 78 (5th Cir.1975)(holding that where probationer is incarcerated at the time of the attempted revocation, "there is no immediate loss of freedom which would require the immediate probable cause hearing which the Morrisey and Gagnon Courts deemed necessary"); United States v. Soles, 336 Fed.Appx. 287, 289 (4th Cir.2009)("Fed.R.Crim.P.32.1 applies only to those in custody solely for their violation of their supervised release and not for violations also involving new charged criminal conduct."); Wallace v. United States, 475 A.2d 401, 402-03 (D.C. 1984)(holding requirements that probationer receive a preliminary revocation hearing is inapplicable in cases where probationer is currently incarcerated pursuant to a pending prosecution for the commission of a new offense); see also United States v. Flores-Perez, 2010 WL 1328580, at *2 (S.D. Cal.Apr. 1, 2010)(collecting cases across circuits for proposition that "probationer does not have a right to a preliminary revocation hearing when he is in custody awaiting prosecution on other charges" in cases also where the new crime is a new federal offense).

4. Consequently, since a federal grand jury determined that there is probable cause for the offenses in Case Number 24-cr-248, and these offenses form the basis in part for the motions filed by the USPO in the instant case, there is no need for the Preliminary Revocation Hearing, as discussed above.

WHEREFORE, the Government respectfully requests from the Court that the Preliminary Hearing be vacated, and that it referred for final disposition the allegations raised in the USPO's motions notifying the violations of supervised release.

**RESPECTFULLY SUBMITTED**,

In San Juan, Puerto Rico, on March 14, 2025.

W. Stephen Muldrow
United States Attorney

*s/ Jorge L. Matos*
Jorge L. Matos
USDC # G-01307
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Email: Jorge.L.Matos2@usdoj.gov
Tel. (787) 766-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ Jorge L. Matos*
Jorge L. Matos
Assistant United States Attorney
USDC No. G-01307